UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3074 |
| | ) | |
| FORREST J. ASHBY, STEVEN ASHCRAFT, JOSEPH JENNINGS, PHILLIP POOL, and JONATHAN WALLS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Lawrence Correctional Center, pursues a First Amendment retaliation claim. He alleges that Defendants wrote him a false disciplinary report and disciplined him in retaliation for his efforts to drum up inmates to join him in his pending court case challenging the soy in the prison meals. Plaintiff was found guilty of "giving false information to an employee," and "petitions, postings and business ventures." (d/e 1-1, p. 5). His punishment included the recommended revocation of three months of good time credits. Id.

Defendants move to dismiss, arguing that Plaintiff's claim is barred because

1

the claim necessarily challenges the loss of his good time. They contend that, if Plaintiff were to prove his claim, then his good time would need to be restored, shortening the length of his sentence.

"[G]ood-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994), *citing* Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(other citations omitted). In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. This Court sometimes refers to this rule as the "Heck bar," based on the Supreme Court case of Heck v. Humphrey, 512 U.S. 477, 487 (1994), which first announced the rule. The rule "serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Muhammad v. Close, 540 U.S. 749, 751 (2004).

Thus, if Plaintiff's claim necessarily implies that his good time was wrongly revoked, Plaintiff's federal remedy at this point is to invalidate the good time revocation via habeas corpus, after he has exhausted his state remedies. Only then

2

will he have a claim for damages under 42 U.S.C. § 1983.

Plaintiff asserts that the Heck bar does not apply because the Prison Review Board only allowed 30 days of revocation and has subsequently restored those 30 days. However, according to Illinois statutes, the Illinois Prisoner Review Board reviews the revocation of good time credits if the amount sought to be revoked by prison officials is more than 30 days. 730 ILCS 5/3-3-1; 730 ILCS 5/3-3-2(4). The Board does not have the power to review the revocation of 30 days or less of good conduct credit. 730 ILCS 5/3-3-2(4). Thus, the Board had the power to reduce Plaintiff's good time revocation to 30 days, but could not go beyond that. Further, the exhibit offered by Plaintiff does not show the restoration of the 30 days good time credit lost on the discipline. The exhibit shows a restoration of good time for determinate sentences under a 1978 law. (d/e 23, Exhibit). Plaintiff's 30 days lost on the disciplinary ticket has not been restored.

The Court believes it clear that Plaintiff's claims necessarily challenge his loss of good time. Plaintiff alleges that no evidence was offered at his hearing to suggest that he was conducting a business venture or providing false information. (d/e 25, pp. 3-4). If that is true, then Plaintiff is not guilty and his good time should be restored. Further, if Plaintiff was exercising protected First Amendment rights, punishing him for that exercise would be unconstitutional unless Defendants

had a valid penological reason for that punishment. But if there was a valid penological reason for the punishment, Plaintiff has no First Amendment claim. Thus, Plaintiff only has a First Amendment claim if he can prove the invalidity of his punishment, which includes the revocation of his good time. This is not a case where Plaintiff can be "agnostic" about his disciplinary conviction. *Cf.* Moore v. Mahone, 652 F.3d 722, 724-26 (7th Cir. 2011) (prisoner's excessive force claim and discipline for assault from same incident were not necessarily intertwined: if prisoner remained "agnostic" about the validity of the assault charge, his excessive force claim would not necessarily invalidate that charge).

Plaintiff offers to waive any claim to a reduction in his good time, but that waiver will not get around the Heck bar. His First Amendment claim still necessarily implies the invalidity of his good time revocation because he must prove the invalidity of his punishment in order to succeed on his First Amendment claim.

IT IS THEREFORE ORDERED:

1) Defendants' motion to dismiss is granted (d/e 17). This case is dismissed, without prejudice. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated, if any.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: February 7, 2012

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE