UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3074 |
| | ) | |
| FORREST J. ASHBY, STEVEN ASHCRAFT, JOSEPH JENNINGS, PHILLIP POOL, and JONATHAN WALLS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On February 7, 2012 the Court dismissed this case without prejudice, concluding that Plaintiff's claims necessarily implied the invalidity of 30 days loss of good time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff has filed a timely motion to alter or amend that judgment. Federal Rule of Civil Procedure 59(e) allows a court to change its judgment if warranted by newly discovered evidence, a change in the law, or a "'manifest error of law or fact.'" Souter v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 993 F.2d 595, 599 (7th Cir. 1993)(quoted cited omitted). Reconsideration may also be

1

appropriate if the facts have changed significantly.  Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)(citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

The disciplinary ticket giving rise to the claims in this case was issued on May 24, 2009.  (d/e 1-1, p. 5).  Plaintiff argues again that he was not guilty of the disciplinary charges for conducting an "unauthorized business venture" and lying to an employee.  Yet this argument only demonstrates again that Plaintiff's claim goes directly to the validity of his punishment.

Plaintiff next contends that his 30 days of good time credit was restored before this Court's order of dismissal.  However, the record shows that the good time credit restored before this case was dismissed was for time lost on other disciplinary reports, not for the report at issue here. (Anderson Aff. ¶ 10, d/e 41-1).  If Plaintiff were to succeed in his claims in this case, that success would imply that an *additional* 30 days should be restored.  Thus, the Court is still of the opinion that its dismissal of this case based on Heck was correct.  The Heck rule is a rule of accrual, meaning that Plaintiff had no claim to pursue at the time he filed this case or at the time the case was dismissed.  *See, e.g.,* Edwards v. Balisok, 520 U.S. 641, 649 (1997)(respondent's [§ 1983] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker

2

that necessarily imply the invalidity of the punishment imposed [the loss of good time credits], is not cognizable under § 1983); Lewis v. Richards, 107 F.3d 549 (7th Cir. 1997)("Even though Lewis is not seeking to have his lost good-time credits restored, if Lewis were awarded damages premised on the assumption that he was raped in the psychiatric unit, it would necessarily call into question the CAB's finding that he violated prison rules by engaging in consensual sex. For this reason, no claim for damages under § 1983 can accrue until such time as the result of the disciplinary hearing has been invalidated.").

However, on April 27, 2012, two months after this case was dismissed but while Plaintiff's motion to alter the judgment was pending, Plaintiff's 30 days lost on the ticket at issue here were restored. (Anderson Aff. ¶ 10, d/e 41-1). Defendants concede that Plaintiff's claims in this case thus accrued on April 27, 2012. (d/e 41-3, p. 4).[1] In the Court's mind, the question is whether the accrual of Plaintiff's claims after this case was dismissed is sufficient grounds for changing the judgment.

---

[1] The good time was restored based on "improved conduct" by Plaintiff, not a reversal of the disciplinary findings. (Anderson Aff. para. 10, d/e 41-1). However, Plaintiff would no longer be able to use the habeas route to challenge the discipline since his credits have been restored, thus arguably allowing accrual of his claim. See Dewalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000)("a prisoner may bring a § 1983 claim 'challenging the conditions of [his] confinement where [he] is unable to challenge the conditions through a petition for federal habeas corpus.'")(quoting Jenkins v. Haubert, 179 F.3d 19, 21 (2d Cir.1999). In any event, Defendants concede that Plaintiff's claims have accrued.

This case was dismissed without prejudice, which generally means that Plaintiff "can resurrect his lawsuit only by filing a new complaint." U.S. v. Ligas, 549 F.3d 497, 503 n.2 (7th Cir. 2008); Richmond v. Chater, 94 F.3d 263, 267 (7th Cir. 1996)("The only certain difference between dismissing a suit without prejudice and dismissing it with leave to reinstate is that reinstatement does not require the payment of a filing fee, as filing a new complaint after the dismissal of one's suit would."). A general practice of dismissing Heck-barred cases without prejudice to refiling promotes finality; dismissing with leave to reinstate would leave many cases indefinitely subject to reinstatement.

However, the Court concludes that this case warrants an exception to the general practice. Plaintiff's good time was restored while his motion to alter the judgment was pending. This case is not "final" yet in terms of the appeals clock running. Fed. R. App. P. 4(a)(4)(A)(iv). Requiring Plaintiff to file another case would unnecessarily waste time and delay the resolution of these claims. The Clerk has already spent substantial time accomplishing service in this case, which included serving former employees at forwarding addresses. (*See* docket entries from 5/20/11 through 7/15/11). A new case would require the Clerk to repeat that effort, perhaps with less success.

In light of these considerations, the Court concludes that the judgment

should be altered to reflect the dismissal of this case with leave to reinstate upon the restoration of the 30 days good time credits lost on the May 24, 2009 disciplinary ticket. Had the Court known that restoration might occur in a few months, the Court would have dismissed the case with leave to reinstate within a time certain. That would have avoided the risk of: 1) duplication of effort by the Clerk; 2) an arguably unfair imposition of another filing fee on Plaintiff (who has already paid the filing fee in full); and, 3) an unnecessary delay in resolving these claims on the merits. Altering the judgment will accomplish these goals and will not prejudice Defendants.

IT IS THEREFORE ORDERED:

    1) Plaintiff's motion to supplement his motion to amend is granted (d/e 42).

    2) Plaintiff's motion to alter judgment is granted in part and denied in part (d/e 28). The Court's judgment is altered to reflect the dismissal of this case with leave to reinstate upon the restoration of good time credits lost as a result of the disciplinary ticket issued May 24, 2009.

    3) Defendants' submissions show that Plaintiff's good time at issue in this case has been restored in full. Accordingly, this case is reinstated. The clerk is directed to reopen this case.

    4) Plaintiff's motion for a video conference is denied as moot (d/e 43).

5) Defendants' Answers are due August 6, 2012.

6) By September 28, 2012, the parties shall provide to each other the initial disclosures described in Fed. R. Civ. P. 26(a)(1)(i)-(ii).

7) Discovery closes January 31, 2013.

8) Dispositive motions are due February 28, 2013.

9) Plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests and responses are not filed with the court, unless there is a dispute regarding such discovery. See CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

10) A final pretrial conference is scheduled for August 5, 2013, at 1:30 p.m.. Defendants' counsel shall appear in person. Plaintiff shall appear by video. The parties are directed to submit an agreed, proposed final pretrial order at least 14 days before the final pretrial conference.

11) The jury trial is scheduled on the Court's trailing trial calendar for September 3, 2013, at 9:00 a.m. before this Court in Springfield, Illinois. The

actual date for jury selection and jury trial will be finalized at the final pretrial conference.

ENTERED:    July 6, 2012

FOR THE COURT:

                                       **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE