UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY G. HARRIS,<br>    Plaintiff,<br><br>v.<br><br><br>FORREST J. ASHBY, STEVEN<br>ASHCRAFT, JOSEPH JENNINGS,<br>PHILLIP POOL, and JONATHAN<br>WALLS,<br>    Defendants. | 11-CV-3074 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from his incarceration in Menard Correctional Center, pursues a First Amendment free speech and retaliation claim based on his punishment for "giving false information to an employee" and "petitions, postings and business ventures."  (d/e 1-1, p. 5.)  Defendants contend that Plaintiff was trying to persuade inmates to file grievances which claimed falsely that they had problems with the soy diet, in order to bolster Plaintiff's pending case seeking to eliminate or reduce the soy in the prison food.  The disciplinary committee's findings were based in large part on statements by confidential inmate informants.  Plaintiff contends that he was only responding to requests for help from inmates regarding sincere

concerns over the soy diet and that Defendants had no legitimate penological reason for punishing Plaintiff.

Plaintiff moves to compel the identity of the confidential informants, their inmate numbers, current place of incarceration, or parole release address. Plaintiff seeks statements from these individuals to corroborate Plaintiff's assertion that Plaintiff did not induce inmates to file false grievances. Plaintiff also seeks copies of the grievances filed by other inmates which were relied on by Defendants to bring the charges against Plaintiff.

Defendants object, arguing that compelling security concerns counsel against disclosure of the information.

Having reviewed the documents in camera, the Court agrees with Defendants that disclosing the identities of the confidential informants and their statements would present serious security concerns. Prison officials rely on confidential inmate informants to uncover and prevent illegal or dangerous activity in the prison. This system would be compromised if informants feared the release of their identities to prisoners pursuing civil litigation. Plaintiff does not dispute that an inmate labeled as a snitch is at risk of physical harm from other inmates. If the identity of confidential informants were released, inmates would be reluctant to become

informants in the future, decreasing the flow of information critical to maintaining the safety and security of the prison.

Additionally, the substance of the statements made by the confidential informants has already been disclosed to Plaintiff.  Plaintiff attached to his complaint the internal investigator's report which sets forth a summary of the confidential statements.   Likewise, Plaintiff should already know the identities of the inmates Plaintiff helped to write grievances.

Contrary to the informant identities, the Court does not see the security risk in disclosing the grievances filed by other inmates seeking a soy diet.  As already discussed, Plaintiff knows the identities of the inmates he helped to write grievances and is already familiar with the content of those grievances.  If Plaintiff seeks statements from these individuals to corroborate Plaintiff's claim, Plaintiff may file a motion to correspond with these inmates, setting forth the questions Plaintiff seeks to ask them.

Lastly, some of the documents submitted under seal have already been disclosed, are duplicates, or regard Plaintiff's discipline.  Defendants do not explain why disclosing these documents presents security risks, and the Court does not see a security risk.  Accordingly, these documents will also be ordered to be disclosed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to clarify his motion to compel is granted (d/e 70).

2) Plaintiff's motion to compel is granted in part and denied in part (d/e 65). By September 16, 2013, Defendants are directed to produce to Plaintiff copies of the following: Plaintiff's inmate occupancy inquiry (d/e 71-1, p. 4); interview of plaintiff (d/e 71-1, p. 5); Plaintiff's trust fund ledgers (d/e 71-1, pp. 6-13); incident reports regarding Plaintiff (d/e 71-1, pp. 14-15, 42-46 ); soy claim statement (d/e 71-1, p. 18); grievances (d/e 71-1, pp. 21-22, 52-53, 60-61, 65-74, 89-99); adjustment committee report (d/e 71-1, p. 75); Plaintiff's letter (d/e 71-1, p. 77), David Cox's letter (d/e 71-1, p. 79); Judge Baker's text order (d/e 71-1, p. 81); and, Weston Price Foundation materials (d/e 71-1, pp. 82-88). Plaintiff's motion to compel is otherwise denied.

3) If Plaintiff seeks statements from inmates to oppose summary judgment, then by September 9, 2013, Plaintiff is directed to file a motion to correspond with inmates, listing the names of the inmates with whom Plaintiff seeks to correspond and the exact questions Plaintiff seeks to ask.

3) Except for the production directed in paragraph (2), discovery remains closed.

4) Dispositive motions are due October 31, 2013.

ENTERED: August 30, 2013
FOR THE COURT:

                                **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE